UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE D SCHRUBEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2939 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND ORDER

Petitioner Maurice D. Schruben was convicted of two counts of aggravated sexual assault of a child and one count of indecency with a child in the 185th District Court of Harris County, Texas. That court sentenced him to 20 years imprisonment on the aggravated sexual assault charges, and ten years imprisonment on the indecency charge.

This case is before the Court on Schruben's petition for a writ of habeas corpus and respondent Lorie Davis' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Schruben's petition should be dismissed.

**I.     Analysis**

Davis argues that Schruben's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

§ 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of *certiorari* with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Texas' First Court of Appeals affirmed Schruben's convictions on February 23, 2012. *Schruben v. State*, Nos. 01-11-0109-CR, 01-11-0110-CR, 01-11-0111-CR, 2012 WL 587492 (Tex. App. -- Houston [1st Dist.], Feb. 23, 2012, pet. ref'd). The Texas Court of Criminal Appeals refused Schruben's petitions for discretionary review on March 27, 2013, *see* Doc. # 10-8, and denied his motion for rehearing on May 15, 2013. Schruben did not seek a writ of *certiorari* from the Supreme Court of the United States. Petition at 3. Therefore, Schruben's limitations period began to run when the time to file a petition for a writ of *certiorari* expired, on August 13, 2013, 90 days after the Court of Criminal Appeals denied Schruben's motion for rehearing.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Schruben, however, did not file his state habeas applications until October 23, 2015, at the earliest, based on the dates on the signature pages of the applications. *See* Doc. # 10-14, at 12; Doc. # 10-19, at 12; Doc. # 10-24, at 12. Because the limitations period expired 14 months earlier, there was nothing left for these applications to toll.

A habeas petitioner may also invoke tolling of the AEDPA limitations period by showing that he was prevented from filing a petition by "State action in violation of the Constitution or federal law." 28 U.S.C. § 2244(d)(1)(B). Schruben complains that the prison law library is inadequate, and contends that this excuses his late filing. The Fifth Circuit has held that under

certain limited circumstances an inadequate prison law library may constitute a state created impediment for purposes of § 2244(d)(1)(B). *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003) (finding that tolling was warranted as a state created impediment under § 2244(d)(1)(B) where a prison law library did not have a copy of the AEDPA). To prevail, a habeas petitioner seeking to toll the limitations period for an inadequate law library must "show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 651 (5th Cir. 2011) (citing *Felder v. Johnson*, 204 F.3d 168, 171 n.9 (5th Cir. 2000)) (emphasis in original). Schruben makes no such showing.

In an affidavit attached to his response to the motion for summary judgment, Schruben asserts that he was denied permission to go to the library on two occasions in 2017. *See* Doc. # 13-1. As noted above, however, the limitations period expired in 2014. Thus, Schruben's inability to visit the library in 2017 had no bearing on his ability to file a timely petition. Two other inmates also submit statements complaining that case reporters are missing from the library collection. *See* Docs. # 13-2 and 13-3. Again, this makes no showing that Schruben was prevented from filing a timely petition by an inadequate library. Moreover, the form on which Schruben filed this petition contains the text of the statute of limitations. *See* Doc. # 1, at 9. Therefore, Schruben had access to the relevant statute, any law library inadequacies notwithstanding, and he fails to identify any state-created impediment.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*,

293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).  Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).  Schruben cites no rare or exceptional circumstance to toll the statute of limitations.  Therefore, the petition is time-barred.

## II.     Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Schruben's petition is denied and is dismissed with prejudice.

## III.    Certificate of Appealability

Schruben has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Schruben's' petition and concludes that it is barred by the statute of limitations. The Court concludes that jurists of reason would not find this Court's ruling debatable. Therefore, Schruben is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' motion for summary judgment (Doc. #8) is GRANTED;

B. Petitioner Maurice D. Schruben's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITH PREJUDICE; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 15th day of February, 2018.

_____
Kenneth M. Hoyt
United States District Judge